THE PEOPLE v. ARRIETA.

APPEAL from the District Court of Arecibo.

No. 7.—Decided April 27, 1904.

EXCISE TAXES—POWER OF TREASURER TO ISSUE REGULATIONS CONCERNING.—Under chapter 2, title IX, section 358, of the Political Code, the Treasurer of Porto Rico is empowered to issue regulations relating to excise taxes, which regulations have the force and effect of law, and any person violating the provisions thereof is guilty of the offense defined and made punishable by section 396 of the Penal Code.

INTERNAL REVENUE AGENTS—RIGHT TO VISIT PREMISES.—Internal revenue agents, in accordance with the powers conferred upon them by regulations issued by the Treasurer of Porto Rico pursuant to lawful authority, have the right at any time to visit the premises where articles subject to excise taxes may be found, and to examine the books and merchandise of the person in possession of the same.

The facts are stated in the opinion.

Mr. Ramos (José C.), for appellant.

Mr. del Toro, Fiscal, for respondent.

MR. JUSTICE FIGUERAS delivered the opinion of the court, as follows:

The present prosecution was instituted by information duly sworn to by the Fiscal of the district of Arecibo, on the 16th of December last, based on section 396 of the Penal Code, and which reads as follows:

"In the town of Camuy the aforesaid Pedro Arrieta Dorregaray executed a bond for the manufacture of rum. On November 25, 1903, his distillery was visited by internal revenue agents, it appearing from his books that he had in stock only three gallons, whereas two packages were found on the premises containing one hundred and thirty gallons of rum, more or less, which rum had been made in the distillery during the preceding days, entry thereof having

maliciosamente no se le habia dado entrada en los libros de la destilería.  Este hecho es contrario á la ley para tal caso prevista y á la paz y dignidad de "El Pueblo de Puerto Rico." Ricardo La Costa, Fiscal del Distrito."

Con esta acusación se celebró el juicio el dos de Febrero último en el que declararon Charles Beatly y Ralph C. Seddon, Investigador y Agente de Rentas Internas, y seguramente se tuvo en cuenta lo que arrojaban los libros recogidos á Arrieta, que fueron presentados al Juez de Paz de Lares, al declarar los referidos funcionarios.  El acusado declaró en su defensa y el Tribunal de Arecibo, en el mismo dia, y por unanimidad, declaró culpable á dicho Arrieta del delito contra el Erario Público, que le imputó el Fiscal, y le condenó al pago de una multa de cien dollars, ó en su defecto á sufrir un dia de Cárcel en la de San Juan por cada dos dollars que dejare de satisfacer, y al pago de las costas.  No tuvo el acusado (en el inferior) abogado que le defendiese ni existe pliego de excepciones.  En quince de Febrero se presentó escrito limitado exclusivamente á interponer recurso de apelación, sin alegación alguna.  El recurso se admitió y el acusado se personó como apelante en esta Superioridad por medio del Letrado Don José C. Ramos.  Transcurrió sin fruto el término de la citación y del requerimiento sobre la consignación del depósito para las costas.  El Fiscal impugnó el recurso y solicitó que se impusieran las costas al recurrente.

Citado ya el Fiscal para la vista del 12 de Marzo último, se consignó el aludido depósito y en el estado de autos se tuvo por parte á Pedro Arrieta y Dorregaray, representado por el referido Letrado Don José C. Ramos.  Por motivos de enfermedad pidió éste la suspensión, pero se denegó tal solicitud por no ajustarse la certificación facultativa á lo dispuesto en el artículo 27 del Reglamento de este Tribunal.  El proceso ha venido á la consideración de esta Corte Suprema en vir-

been wilfully and maliciously omitted from the books of the distillery. This act is contrary to the law in such case made and provided, and to the peace and dignity of the People of Porto Rico.   Ricardo La Costa, *Fiscal* of the District.''

Upon this information the trial was held on the 2d of February last, when Charles Beatly and Ralph C. Seddon, internal revenue inspector and agent, testified, and no doubt account was had of what was shown by the books taken from Arrieta, which were produced before the justice of the peace of Lares, at the time the aforesaid officials testified. The defendant testified in his own behalf, and the Arecibo court, on the same day, unanimously pronounced said Arrieta guilty of the crime against the public treasury whereof he had been accused by the *Fiscal,* he being adjudged to pay a fine of one hundred dollars, or in default thereof to undergo one day of imprisonment in the San Juan jail for each two dollars left unpaid, and to pay the costs. The accused had no counsel in the lower court to defend him, nor is there any bill of exceptions. On the 15th of February a writing was filed confined exclusively to the taking of an appeal, without making any allegations. The appeal was allowed and the accused appeared as appellant in this Supreme Court through Attorney José C. Ramos. The period of citation and for making a deposit to cover the costs elapsed. The *Fiscal* opposed the appeal and requested that the costs be imposed upon the appellant.

The *Fiscal,* having been already cited for the hearing on the 12th of last month, the aforesaid deposit was made, and at that stage of the proceedings Pedro Arrieta y Dorregaray entered an appearance as a party thereto, being represented by the aforesaid Attorney José C. Ramos. By reason of sickness, the latter requested that the proceedings be suspended, which request was denied because the physician's certificate did not conform to the provisions of section 27 of the rules

tud de un simple escrito de apelación en el que no se alega razón alguna en contra de la sentencia recurrida. Pero estudiando la cuestión, es indiscutible que el Tesorero de Puerto Rico, en virtud de las facultades que le concede la sección 358 del Código Político, dictó los "Reglamentos bajo el Capítulo 2, del Título 9, de dicho Código relativos al pago de impuesto de arbitrios, Tarifas A. B. y C." En esos reglamentos se señala á los contribuyentes la forma como deben llevar sus libros titulados "Registros de Entradas y Salidas" y "Libro de Facturas." Esos reglamentos tienen fuerza de ley y por tal razón Don Pedro Arrieta y Dorregaray estaba obligado á cumplir con todas y cada una de sus prescripciones. Pues bien, en el "Registro de Entradas y Salidas" se le impone la obligación de anotar al fin de cada día las entradas mostrando á un lado la cantidad de artículos que pagan el impuesto interior, el número y clase de envases en que han sido colocados, el valor de dichos artículos y la cantidad de sellos comprados, y designar el Colector ó Sub-Colector que se los vendió, y deben anotar en el lado opuesto á las "Entradas", las "Salidas" en la forma y manera que en el Reglamento se indica y así viene á ser este libro la expresión clara de lo fabricado y despachado. Pero el acusado dejó de anotar en el libro una cantidad de ron elaborado en días anteriores, cuando su deber era anotar al fin de cada día la entrada, y como de ese modo dejó de cumplir una disposición de la Ley de Rentas, como es el Reglamento de que se ha hecho mérito, claro es que ha cometido el delito á que se refiere el artículo 396 del Código Penal, porque solo cumpliendo con todas y cada una de aquellas reglas es como puede obtenerse un sistema contributivo que evite toda clase de ocultaciones y fraudes. Y nada puede objetarse en contra de los Agentes que descubrieron esas infracciones, porque esos mismos Reglamentos los autorizan á entrar en las fábricas y locales adjuntos, y pueden también, en todo tiempo, examinar las mercancías y los libros. Por todas esas

of this court. The case has come up for consideration to this Supreme Court by virtue of a simple writing of appeal in which no allegation is made against the judgment appealed from. But upon studying the matter it cannot be questioned that, by virtue of the powers conferred upon him by section 358 of the Political Code, the Treasurer of Porto Rico issued the regulations under chapter 2, title IX, of said Code, relating to excise taxes, schedules A, B and C. In these regulations taxpayers are informed as to the manner of keeping their books entitled "Registers of Receipts and Deliveries" and "Invoice Book." These regulations have the force of law, and therefore Pedro Arrieta y Dorregaray was bound to comply with each and every one of their provisions. Now then, in the "Register of Receipts and Deliveries" it is made obligatory upon him to enter at the end of each day the receipts, showing, on one side, the quantity of articles subject to excise taxes, the number and class of packages that have been disposed of, the value of said articles, and the quantity of stamps purchased, and to designate the collector or assistant collector who sold them, and they are to enter opposite the "Receipts," the "Deliveries," in the manner ner and form indicated in the regulations; and this book becomes the specific record of the goods manufactured and disposed of. But the defendant omitted to enter on the book a certain quantity of rum manufactured some days before, when it was his duty to make the entry at the end of each day; and as he thereby failed to comply with a provision of the Internal Revenue Law, such as the regulations in question, it is evident that he has committed the offense referred to in section 396 of the Penal Code, because only by complying with each and every one of those rules can a system of taxation be assured precluding all sorts of concealment and fraud. And nothing can be advanced against the agents who discovered these violations, because they are authorized by the regulations themselves to enter the factories and adjoin-

razones opinamos que debe confirmarse. en todas' sus partes la sentencia apelada que dictó la Corte de Arecibo en dos de Febrero último, con imposición de las costas de este recurso.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Quiñones, y Asociados, Hernández, Sulzbacher y MacLeary.

---

## EL PUEBLO v. REYES.

APELACIÓN procedente de la Corte de Distrito de Arecibo.

No. 9.   Resuelto en Abril 27, 1904.

JUICIO POR JURADO—VEREDICTO.—Las deliberaciones del jurado deben ser absolutamente reservadas, por que ello constituye una garantía de la independencia y libertad del jurado, que contribuyen á que el veredicto sea reflejo fiel del las conciencias honradas, independientes y libres de los miembros del jurado.

ID.—DOCUMENTOS QUE PUEDE CONSIDERAR EL JUADO.—Al retirarse para deliberar, el jurado puede llevar solamente documentos ó escritos que hayan sido recibidos como pruebas en el proceso, ó copias de los mismos, cuando no deba privarse de ellos á las personas en cuyo poder se hallen.

ID.—VEREDICTO.—Comete error el Juez que permite que el Jurado, al retirarse á deliberar, lleve consigo un sumario de otro juicio, conteniendo documentos y declaraciones de testigos perjudiciales al acusado, y que no se presentaron como pruebas en el juicio, y el veredicto en tales condiciones rendido no puede prevalecer, pues no puede considerarse como producto de los elementos de prueba aquilatados en Corte abierta, siendo de presumir que se ha engendrado con el exámen de otras pruebas recibidas por el Jurado fuera del Tribunal.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Ramos (José C.)*.

Abogado del apelado: *Sr. del Toro, Fiscal*.

EL JUEZ ASOCIADO, SR. FIGUERAS emitió °la siguiente opinión del Tribunal.

El recurrente en esta causa fué procesado en unión de

ing premises, and can also at any time examine the merchandise and books thereof. For all the foregoing reasons we are of the opinion that we should affirm in all its parts the judgment appealed from, as rendered by the court of Arecibo, on the 2d of February, last, with imposition of the costs of this appeal upon appellant.

*Affirmed.*

Chief Justice Quiñones and Justices Hernández, Sulzbacher and MacLeary concurred.